## Griswold et al. v. Griswold Manufacturing Company et al.

*S. Y. Rossiter*, for plaintiffs.

*Gifford, Graham, MacDonald & Illig*, for defendants.

EVANS, P. J., September 3, 1947.—This matter is before the court on preliminary objections to a statement of claim filed in an action of trespass to recover the sum of $51,000.

Plaintiffs sold to Ely Griswold, on December 12, 1945, 730 shares of stock in the Griswold Manufacturing Company for the sum of $75 a share. This sale, it is alleged, was made because of fraudulent representations by Mr. Griswold, as officer, director and agent for the company, both as to the value of stock at the time of sale and as to his plans with reference to future operation and conduct of the company.

Ely Griswold is alleged to have had, at the time of sale, a fraudulent and deceitful design to sell the corporation, at a profit to himself, but that he represented and used, as an inducement to secure the plaintiffs' stock, the fact that the "Griswold boys", who were in war service, would succeed to the operation of the business. Further averment is made that the stock, at the time purchased from plaintiffs, was actually worth $145 a share and was later sold by Ely Griswold for $141 a share. Contention is made that because of these facts Ely Griswold and the Griswold Manufacturing Company should be held responsible for the difference between the price received by plaintiffs for their stock and that for which it was sold to third parties.

The first preliminary objection is in the nature of a demurrer. Defendants cite cases to sustain their position that any statements as to value of the stock were in the nature of trade talk and only the opinion of Ely Griswold. Authority is also cited for the proposition that there was no responsibility upon Ely Griswold in the nature of a trust due to family relationship or otherwise which prevented him from negotiating a sale of his own interests with those purchased from plaintiff at a figure advantageous to himself.

We are inclined to sustain the position of defendants with regard to the first objection but find ourselves relying on facts within our knowledge from previous litigation in no way connected herewith. In order, therefore, in case of appeal, that a reviewing tribunal

may have before it facts which we deem important, we will sustain the second preliminary objection of defendants, which is in the nature of a motion for more specific statement.

The averment as to "Griswold family" should be amplified so as to designate who were to be included in that category as well as their relationship, if any, to defendant Ely Griswold.

Further averment should be made as to the terms (if any were disclosed) under which those classified as the "Griswold family" were to own and participate in the management of the Griswold Manufacturing Company.

Averment should be made as to what situation existed so as to raise a responsibility upon Ely Griswold averred in plaintiffs' statement to be a "family relationship".

It is important and there should also be averred that from which it can be determined whether claim is made that negotiations for the sale of the company or its stock were in progress prior to December 12, 1945, or whether at that time Ely Griswold hoped and intended, if possible, to sell his own and plaintiffs' interests at a profit to himself.

Further averment should state particularly when, where and to whom statements were made by Ely Griswold concerning the value of the stock.

And now, to wit, September 3, 1947, the rule granted January 6, 1947, on the preliminary objections, is discharged as to the first objection and made absolute as to the second; the first objection, in the nature of a demurrer, is, for the present, overruled without prejudice to reassertion after an amended statement of claim is filed; the second objection, in the nature of a motion for more specific statement, is sustained and plaintiffs are directed to file an amended statement in accordance with the foregoing within 15 days.